UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case Number: 00-6106 CIV-DIMITROULEAS

MAGISTRATE JUDGE
JOHNSON

UNITED STATES OF AMERICA

Plaintiff,

vs.

PATRICK HOELSCHER

Defendant.
_____/

COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $2996.92, plus interest on this principal amount computed at the rate of 7.00% percent per annum in the amount of $3564.02 as of January 7, 2000, plus interest thereafter on this principal until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $6560.94, plus interest at 7.00% percent per annum on the principal amount of $2996.92, to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this __19__ day of January, 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: _____
Mary F. Dooley
99 NE 4th Street
3rd Floor
Miami, FL 33132-2111
Tel No. (305)961-9311
Fax No. (305)530-7195

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS**

Patrick Hoelscher
780 Tanglewood CIR.
Weston, FL 33327
SSN: 469568155

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below, plus additional interest from 02/16/99.

On or about 09/27/78, 10/20/78, 01/03/79, 03/27/79, 05/07/80, 11/13/81, 01/08/82, and 03/29/82 , the borrower executed promissory note(s) to secure the loan(s) of $300.00, $300.00, $300.00, $200.00, $200.00, $300.00, $950.00, $667.00, $667.00, and $666.00 from University of Minnesota, Minneapolis, MN at 7.00 percent interest per annum. This loan obligation was guaranteed by the Northstar Guarantee, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $307.71 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 08/23/84, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4498.76 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 10/05/91, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of those payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2996.92 |
| Interest: | $3377.34 |
| Administrative Costs: | $0.00 |
| Late fees: | $0.00 |
| Total debt as of 02/16/99: | $6374.26 |

Interest accrues on the principal shown here at the rate of $0.57 per day.

Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 2/24/99       Name: _____
             Date                   Loan Analyst, Litigation Branch



S. 81

| Higher Education Assistance Foundation<br>**PROMISSORY NOTE & DISCLOSURE**<br>Insured Student Loan Program | City *Morris*<br>State *Mn* |
|---|---|

Date on which finance charges begins to accrue _____
(This date need not be included if it is the same as the date of the transaction)

Amount Financed — $ *268.99*   PREPAID FINANCE CHARGES $ *31.01*
(Insurance premiums)

Amount of Loan: $ *300.00*

ANNUAL PERCENTAGE RATE
A) Prior to beginning of repayment period *1* %
B) During repayment period *7* %

I, *Patrick B. Hoelscher*, hereinafter called the "maker," promise to pay to *U of M*, hereinafter called the "lender," located at *Mpls.*, the sum of $ *300.00* to the extent it has been advanced to me, plus simple interest at the rate of _____ Seven (7) _____ percent per annum on the outstanding balance of such sum and authorized late charges and, to the extent allowed by law, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker and lender further understand and agree that:

I. On all sums advanced pursuant to this note, the lender has applied for loan insurance under the Student Loan Insurance Program of the Higher Education Assistance Foundation. Such terms of this note as are subject to interpretation shall be construed in the light of Title IV, Part B of the Higher Education Act of 1965, as amended (hereinafter called the "Act") and the Federal Regulations pertaining to such Act.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing *12* months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note.

EXCEPTION: The maker and lender, during the *12* month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the commencement of the repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: either (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement of the repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay to the Higher Education Assistance Foundation (hereinafter called the "Foundation") in order to provide insurance coverage on this note. The premiums covering the period of time extending from the date of execution of this note to the final payment of this note (calculated in accordance with instructions issued by the Foundation) shall be due and payable immediately.

IV. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of such prepayment, the maker shall be entitled to a rebate of unearned interest computed by [X] the Sum of Digits Formula (rule of 78ths), [ ] other (identify) _____.

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker serves as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall, at the option of the lender or any other holder of this note and after compliance by the holder with applicable notice and other requirements of state law, become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Foundation.

(6) Maker shall promptly notify the lender or any other holder of this note in writing of any change or changes in the maker's address or the maker's status as at least a half-time student.

(7) To the extent allowed by law, a late charge of 5% of the installment payment or $5, whichever is less, or such lessor amount as may be required by law, may be charged on any payment made later than 10 days after the due date.

(8) The maker shall contact and negotiate repayment terms with the lender not less than four months after ceasing at least half-time study.

(9) The PREPAID FINANCE CHARGES (Insurance Premiums) are not subject to refund.

"NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty."

*Patrick Hoelscher*  *RR-2 Box*  *9/27/78*
Signature                Address                Date

*MN. 56438*

Signature                Address                Date

HEAF Form 202, 8/78, (Replaces HEAF Form 200, 6/77 and HEAF Form 201, 10/77)

*1981*

| Higher Education Assistance Foundation<br>**PROMISSORY NOTE & DISCLOSURE**<br>Insured Student Loan Program | City *Morris*<br>State *Mn* | |
|---|---|---|
| Date on which finance charges begins to accrue _____<br>(This date need not be included if it is the same as the date of the transaction) | | Amount of Loan |
| Amount Financed ---- $ *275.91* _____ PREPAID FINANCE CHARGES $ *24.09* _____<br>(Insurance premiums) | | *300.00* |
| ANNUAL PERCENTAGE RATE | A) Prior to beginning of repayment period _*/*_ %<br>B) During repayment period _*7*_ % | |

I, *Patrick B. Hoelscher* _____, hereinafter called the "maker," promise to pay to
*U of M* _____, hereinafter called the "lender," located at
*Mpls* _____, the sum of $ *300.00* _____ to the extent it has been advanced to me, plus simple interest at the rate of _____ Seven (7) _____ percent per annum on the outstanding balance of such sum and authorized late charges and, to the extent allowed by law, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker and lender further understand and agree that:

I. On all sums advanced pursuant to this note, the lender has applied for loan insurance under the Student Loan Insurance Program of the Higher Education Assistance Foundation. Such terms of this note as are subject to interpretation shall be construed in the light of Title IV, Part B of the Higher Education Act of 1965, as amended (hereinafter called the "Act") and the Federal Regulations pertaining to such Act.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing *12* months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note.

EXCEPTION: The maker and lender, during the *12* month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the commencement of the repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: either (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement of the repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay to the Higher Education Assistance Foundation (hereinafter called the "Foundation") in order to provide insurance coverage on this note. The premiums covering the period of time extending from the date of execution of this note to the final payment of this note (calculated in accordance with instructions issued by the Foundation) shall be due and payable immediately.

IV. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of such prepayment, the maker shall be entitled to a rebate of unearned interest computed by ☐/☒ the Sum of Digits Formula (rule of 78ths), ☐ other (identify) _____.

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker serves as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall, at the option of the lender or any other holder of this note and after compliance by the holder with applicable notice and other requirements of state law, become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Foundation.

(6) Maker shall promptly notify the lender or any other holder of this note in writing of any change or changes in the maker's address or the ~~status as a student~~ ...

(7) To the extent allowed by law, a late charge of 5% of the installment payment or $5, whichever is less, or such lessor amount as may be required by law, may be charged on any payment made later than 10 days after the due date.

(8) The maker shall contact and negotiate repayment terms with the lender not less than four months after ceasing at least half-time study.

(9) The PREPAID FINANCE CHARGES (Insurance Premiums) are not subject to refund.

"NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty."

| *[signature]* | *Brow. MN 56438* | *10/20/78* |
|---|---|---|
| Signature | Address<br>*Browerville, Mn* | Date |

| | | |
|---|---|---|
| Signature | Address | Date |

HEAF Form 202, 8/78, (Replaces HEAF Form 200, 8/77 and HEAF Form 201, 10/77)

5 81

| Higher Education Assistance Foundation | City Morris |
|---|---|
| **PROMISSORY NOTE & DISCLOSURE** | State Mn. |
| Insured Student Loan Program | |

Date on which finance charges begins to accrue _____
(This date need not be included if it is the same as the date of the transaction)

Amount Financed -----$ _____ PREPAID FINANCE CHARGES $ _____
(Insurance premiums)

Amount of Loan: $ 300.00

ANNUAL PERCENTAGE RATE — A) Prior to beginning of repayment period __1__%
B) During repayment period __7__%

I, __Patrick O Hoelocher__, hereinafter called the "maker," promise to pay to __UofM / M[pls]__, hereinafter called the "lender," located at _____, the sum of $ __300.00__ to the extent it has been advanced to me, plus simple interest at the rate of __Seven (7)__ percent per annum on the outstanding balance of such sum and authorized late charges and, to the extent allowed by law, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker and lender further understand and agree that:

I. On all sums advanced pursuant to this note, the lender has applied for loan insurance under the Student Loan Insurance Program of the Higher Education Assistance Foundation. Such terms of this note as are subject to interpretation shall be construed in the light of Title IV, Part B of the Higher Education Act of 1965, as amended (hereinafter called the "Act") and the Federal Regulations pertaining to such Act.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing __12__ months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note.

EXCEPTION: The maker and lender, during the __12__ month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the commencement of the repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: either (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement of the repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay to the Higher Education Assistance Foundation (hereinafter called the "Foundation") in order to provide insurance coverage on this note. The premiums covering the period of time extending from the date of execution of this note to the final payment of this note (calculated in accordance with instructions issued by the Foundation) shall be due and payable immediately.

IV. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of such prepayment, the maker shall be entitled to a rebate of unearned interest computed by [X] the Sum of Digits Formula (rule of 78ths), [ ] other (identify) _____.

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker serves as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall, at the option of the lender or any other holder of this note and after compliance by the holder with applicable notice and other requirements of state law, become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Foundation.

(6) Maker shall promptly notify the lender or any other holder of this note in writing of any change or changes in the maker's address or the maker's status as at least a half-time student.

(7) To the extent allowed by law, a late charge of 5% of the installment payment or $5, whichever is less, or such lessor amount as may be required by law, may be charged on any payment made later than 10 days after the due date.

(8) The maker shall contact and negotiate repayment terms with the lender not less than four months after ceasing at least half-time study.

(9) The PREPAID FINANCE CHARGES (Insurance Premiums) are not subject to refund.

"NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty."

Signature: _Patrick Hoelocher_   Address: _RR-2 Box 56938_   Date: _1/3/79_

Signature: _____   Address: _Browerville, Mn 56438_   Date: _____

HEAF Form 202, 8/78, (Replaces HEAF Form 200, 6/77 and HEAF Form 201, 10/77)

S 8(

| Higher Education Assistance Foundation | City Morris |
|---|---|
| PROMISSORY NOTE & DISCLOSURE Insured Student Loan Program | State Mn. |

Date on which finance charges begins to accrue _____
(This date need not be included if it is the same as the date of the transaction)

Amount of Loan $ 200.00

Amount Financed ----$ _____ PREPAID FINANCE CHARGES $ _____
(Insurance premiums)

ANNUAL PERCENTAGE RATE    A) Prior to beginning of repayment period __7__%
                          B) During repayment period __7__%

I, __Patrick B. Hoelscher__, hereinafter called the "maker," promise to pay to __U of M__, hereinafter called the "lender," located at __Mpls.__, the sum of $ __200.00__ to the extent it has been advanced to me, plus simple interest at the rate of __Seven (7)__ percent per annum on the outstanding balance of such sum and authorized late charges and, to the extent allowed by law, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker and lender further understand and agree that:

I. On all sums advanced pursuant to this note, the lender has applied for loan insurance under the Student Loan Insurance Program of the Higher Education Assistance Foundation. Such terms of this note are as are subject to interpretation shall be construed in the light of Title IV, Part B of the Higher Education Act of 1965, as amended (hereinafter called the "Act") and the Federal Regulations pertaining to such Act.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing __12__ months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note.

EXCEPTION: The maker and lender, during the __12__ month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the commencement of the repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: either (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement of the repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay to the Higher Education Assistance Foundation (hereinafter called the "Foundation") in order to provide insurance coverage on this note. The premiums covering the period of time extending from the date of execution of this note to the final payment of this note (calculated in accordance with instructions issued by the Foundation) shall be due and payable immediately.

IV. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of such prepayment, the maker shall be entitled to a rebate of unearned interest computed by ☒ the Sum of Digits Formula (rule of 78ths), ☐ other (identify) _____

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker serves as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall, at the option of the lender or any other holder of this note and after compliance by the holder with applicable notice and other requirements of state law, become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Foundation.

(6) Maker shall promptly notify the lender or any other holder of this note in writing of any change or changes in the maker's address or the maker's status as at least a half-time student.

(7) To the extent allowed by law, a late charge of 5% of the installment payment or $5, whichever is less, or such lessor amount as may be required by law, may be charged on any payment made later than 10 days after the due date.

(8) The maker shall contact and negotiate repayment terms with the lender not less than four months after ceasing at least half-time study.

(9) The PREPAID FINANCE CHARGES (Insurance Premiums) are not subject to refund.

"NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty."

Signature: Patrick Hoelscher    Address: RR-2 Box 56438    Date: 1/3/79

Signature: _____    Address: Browerville, Mn 56438    Date: _____

HEAF Form 202, 8/78, (Replaces HEAF Form 200, 6/77 and HEAF Form 201, 10/77)

| Higher Education Assistance Foundation | City |
|---|---|
| **PROMISSORY NOTE & DISCLOSURE** | Morris |
| Insured Student Loan Program | State |
| | Mn. |

Date on which finance charges begins to accrue _____
(This date need not be included if it is the same as the date of the transaction)

Amount Financed — $ _____ PREPAID FINANCE CHARGES $ _____
(Insurance premiums)

Amount of Loan $ 200.00

ANNUAL PERCENTAGE RATE    A) Prior to beginning of repayment period __/__ %
                          B) During repayment period __7__ %

I, _Patrick B. Hoelscher_____, hereinafter called the "maker," promise to pay to

_U of M_____, hereinafter called the "lender," located at

_Mpls._____, the sum of $ _200.00_ to the extent it has been advanced to me, plus simple interest at the rate of _____ Seven (7) _____ percent per annum on the outstanding balance of such sum and authorized late charges and, to the extent allowed by law, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker and lender further understand and agree that:

I. On all sums advanced pursuant to this note, the lender has applied for loan insurance under the Student Loan Insurance Program of the Higher Education Assistance Foundation. Such terms of this note as are subject to interpretation shall be construed in the light of Title IV, Part B of the Higher Education Act of 1965, as amended (hereinafter called the "Act") and the Federal Regulations pertaining to such Act.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing _12_ months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note.

EXCEPTION: The maker and lender, during the _12_ month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the commencement of the repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: either (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement of the repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay to the Higher Education Assistance Foundation (hereinafter called the "Foundation") in order to provide insurance coverage on this note. The premiums covering the period of time extending from the date of execution of this note to the final payment of this note (calculated in accordance with instructions issued by the Foundation) shall be due and payable immediately.

IV. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of such prepayment, the maker shall be entitled to a rebate of unearned interest computed by [X] the Sum of Digits Formula (rule of 78ths), [ ] other (identify) _____

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker serves as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall, at the option of the lender or any other holder of this note and after compliance by the holder with applicable notice and other requirements of state law, become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Foundation.

(6) Maker shall promptly notify the lender or any other holder of this note in writing of any change or changes in the maker's address or the maker's status as at least a half-time student.

(7) To the extent allowed by law, a late charge of 5% of the installment payment or $5, whichever is less, or such lessor amount as may be required by law, may be charged on any payment made later than 10 days after the due date.

(8) The maker shall contact and negotiate repayment terms with the lender not less than four months after ceasing at least half-time study.

(9) The PREPAID FINANCE CHARGES (Insurance Premiums) are not subject to refund.

"NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty."

Signature: _Patrick Hoelscher_   Address: _RR-2 Brownsville, Mn_   Date: _3/27/79_

56438

Signature _____ Address _____ BEST ... ...ILABLE   Date _____
AT TIME OF FILING

HEAF Form 202, 8/78, (Replaces HEAF Form 200, 6/77 and HEAF Form 201, 10/77)

| Higher Education Assistance Foundation | City Morris |
|---|---|
| PROMISSORY NOTE & DISCLOSURE Insured Student Loan Program | State Mn. |

Date on which finance charges begins to accrue _____
(This date need not be included if it is the same as the date of the transaction)

Amount Financed -----$ _____ PREPAID FINANCE CHARGES $ _____
(Insurance premiums)

Amount of Loan $ 300.00

ANNUAL PERCENTAGE RATE    A) Prior to beginning of repayment period __1__%
B) During repayment period __7__%

I, __Patrick B. Hoelscher__, hereinafter called the "maker," promise to pay to __UofM__, hereinafter called the "lender," located at __Mpls__, the sum of $ __300.00__ to the extent it has been advanced to me, plus simple interest at the rate of __Seven (7)__ percent per annum on the outstanding balance of such sum and authorized late charges and, to the extent allowed by law, all reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due. The lender will not collect or attempt to collect from the borrower any portion of the interest which is payable by the U.S. Government.

The maker and lender further understand and agree that:

I. On all sums advanced pursuant to this note, the lender has applied for loan insurance under the Student Loan Insurance Program of the Higher Education Assistance Foundation. Such terms of this note as are subject to interpretation shall be construed in the light of Title IV, Part B of the Higher Education Act of 1965, as amended (hereinafter called the "Act") and the Federal Regulations pertaining to such Act.

II. Subject to the following exception, repayment of outstanding principal, and interest, shall be made over a period commencing __12__ months after the date on which the maker ceases to carry, at an "eligible institution," at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note.

EXCEPTION: The maker and lender, during the __12__ month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years. Interest shall accrue during the period prior to the commencement of the repayment period but at the option of the lender need not be paid during that period. Such accrued interest shall, at the commencement of the repayment period, be added to and become a part of the principal amount of the loan. Repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with: either (1) the terms of a separate instrument which shall be subject to the terms of this note and which the borrower agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule established by the lender prior to the commencement of the repayment period which will be made a part of this note.

III. The maker agrees to pay the lender, in addition to interest and principal due, an amount equal to the premiums that the lender is required to pay to the Higher Education Assistance Foundation (hereinafter called the "Foundation") in order to provide insurance coverage on this note. The premiums covering the period of time extending from the date of execution of this note to the final payment of this note (calculated in accordance with instructions issued by the Foundation) shall be due and payable immediately.

IV. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal plus the accrued interest at any time. In the event of such prepayment, the maker shall be entitled to a rebate of unearned interest computed by ☒ the Sum of Digits Formula (rule of 78ths), ☐ other (identify) _____.

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (according to regulations) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker serves as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans insured under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding insured loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid indebtedness including interest due and accrued thereon shall, at the option of the lender or any other holder of this note and after compliance by the holder with applicable notice and other requirements of state law, become immediately due and payable.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Foundation.

(6) Maker shall promptly notify the lender or any other holder of this note in writing of any change or changes in the maker's address or the maker's status as at least a half-time student.

(7) To the extent allowed by law, a late charge of 5% of the installment payment or $5, whichever is less, or such lesser amount as may be required by law, may be charged on any payment made later than 10 days after the due date.

(8) The maker shall contact and negotiate repayment terms with the lender not less than four months after ceasing at least half-time study.

(9) The PREPAID FINANCE CHARGES (Insurance Premiums) are not subject to refund.

"NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty."

__Patrick Hoelscher__   __RR-2 Browerville, MN__   __3/22/__
Signature                  Address                        Date

56438

_____   _____   _____
Signature       Address        Date

HEAF Form 202, 8/78, (Replaces HEAF Form 200, 6/77 and HEAF Form 201, 10/77)

| Higher Education Assistance Foundation | City Morris |
|---|---|
| PROMISSORY NOTE & DISCLOSURE STATEMENT<br>Guaranteed Student Loan Program | State MN |

Principal Amount ——— $ 950.00    Prepaid Finance Charge $ 24.54 (guarantee fee)    Amount Financed $ 925.46

Date on which Prepaid Finance Charge begins to accrue May 6, 1980
(This date need not be included if it is the same as the date of the transaction)

ANNUAL PERCENTAGE RATE    A) Prior to beginning of repayment period  1 %
                         B) During repayment period  7 %           Spg. 81

The undersigned, Patrick B. Hoelscher, hereinafter called the "maker," promises to pay to the order of U of M, hereinafter called the "lender," at its office located at Mpls, the sum of $ 950.00, or such lesser amount as may actually be owing, with interest on the unpaid principal balance at the rate of SEVEN PERCENT (7%) per annum, together with authorized late charges and, in the event of default, costs of collection and reasonable attorneys' fees to the extent allowed by law; provided, however, that interest shall be payable by the undersigned only from the date on which the repayment period determined in accordance with paragraph II below begins, except during any of those periods described in paragraph IV(2) below. From the date hereof until the beginning of such repayment period and during any of the periods described in paragraph IV(2), interest shall accrue and be payable by the Commissioner of Education of the United States (hereinafter called the "Commissioner").

I. On all sums advanced pursuant to this note, the lender has applied for loan guarantee under the Guaranteed Student Loan Program of the Higher Education Assistance Foundation, (hereinafter called the "Foundation"). Such terms of this note as are subject to interpretation shall be construed in the light of Subchapter IV, Part B of the Higher Education Act of 1965, as amended (hereinafter called the "Act") and the Federal Regulations pertaining to such Act. This note is subject to the provisions of the Lender Agreement between the lender and the Foundation.

II. Subject to the following exception, repayment of the unpaid principal balance of this note, with interest, shall be made over a period commencing 1 — months after the date on which the maker ceases to carry, at an eligible institution (as defined in the Act) at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. All payments made by the maker shall be applied first against accrued interest and thereafter in reduction of principal.

EXCEPTION: The maker and lender, during the 1 — month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years.

III. The maker agrees to pay the lender, in addition to interest and principal when due, an amount equal to the fee that the lender is required to pay to the Foundation in order to provide guarantee coverage on this note from the date of execution hereof to the date on which final payment of this note is made. This fee is equivalent to one percent (1%) per annum of the above-disclosed Principal Amount of this note and is calculated on the basis of the number of months the maker is projected to carry at least one-half of the normal full-time academic work load at an eligible institution plus the number of months of a projected grace period prior to the beginning of the repayment period. This fee shall be due and payable immediately and is deducted from the Principal Amount of this note and disclosed above as the Prepaid Finance Charge. The difference between the Principal Amount and the Prepaid Finance Charge is disclosed above as the Amount Financed.

IV. This note is subject also to the following conditions:

(1) The maker may at his/her option and without penalty prepay all or any part of the Principal Amount plus accrued interest thereon at any time. In the event of prepayment in full, the maker shall be entitled to a rebate of unearned interest computed by ☐ the Sum of Digits Formula (rule of 78ths), ☒ other (identify) Simple Interest — Actual Daily Accrual

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (as described above) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, or pursuant to a rehabilitation training program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker is in service as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans guaranteed under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding guaranteed loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid principal amount plus accrued interest thereon shall become immediately due and payable, together with, to the extent allowed by law, all costs and charges of collection, including all reasonable attorneys' fees. This acceleration is at the option of the lender or any other holder of this note and only after compliance by the holder with applicable notice and other requirements of state law, and if delinquency is not cured under state law.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Commissioner.

(6) Maker shall promptly notify the lender or any other holder of this note in writing of any change or changes in the maker's address or the maker's status as at least a half-time student.

(7) To the extent allowed by law, a late charge of 5% of the installment payment or $5, whichever is less, or such lesser amount as may be specified by law may be charged on any payment made later than 10 days after the due date thereof.

(8) The maker shall contact and negotiate repayment terms with the lender not less than four months after ceasing at least half-time study. In all events, repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with either: (1) the terms of a separate instrument which shall be subject to the terms of this note and which the maker agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule which the maker hereby expressly authorizes the lender to establish prior to commencement of the repayment period and which will be incorporated herein and made a part of this note.

(9) In no event is any portion of the Prepaid Finance Charge (guarantee fee) subject to refund.

V. The maker has received an exact copy of this Promissory Note and Disclosure Statement.

NOTICE TO CONSUMER:
1. Do not sign this Promissory Note before you read it.
2. You are entitled to a copy of this Promissory Note.
3. You may prepay the unpaid balance at any time without penalty.

Signature: Patrick B Hoelscher    Address: R2 Bowerville    Date: May 7-80

LuAINE M. LOGAN
NOTARY PUBLIC - MINNESOTA
STEVENS COUNTY

The foregoing instrument was acknowledged before me this ___ day of ___ 19__
By Patrick B Hoelscher
Name of Maker    Notary Public

Signature    Address    Date

HEAF Form 203, 3/79, (Replaces HEAF Form 202, 8/78)

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

**Higher Education Assistance Foundation**

**PROMISSORY NOTE & DISCLOSURE STATEMENT**
Guaranteed Student Loan Program

City: Morris
State: Mn

Principal Amount — $ 662.00    Prepaid Finance Charge $ 68.33 (guarantee fee)    Amount Financed $ 598.67

Date on which Prepaid Finance Charge begins to accrue 11-8-81
(This date need not be included if it is the same as the date of the transaction)

**ANNUAL PERCENTAGE RATE**
A) Prior to beginning of repayment period  1 %  Winter
B) During repayment period  7 %  82

The undersigned, __Patrick B Hoelscher__, hereinafter called the "maker," promises to pay to the order of __U of M__, hereinafter called the "lender," at its office located at __Mpls__, the sum of $ __662.00__, or such lesser amount as may actually be owing, with interest on the unpaid principal balance at the rate of __Seven__ per annum, together with authorized late charges and, in the event of default, costs of collection and reasonable attorneys' fees to the extent allowed by law; provided, however, that interest shall be payable by the undersigned only from the date on which the repayment period determined in accordance with paragraph II below begins, except during any of those periods described in paragraph IV(2) below. From the date hereof until the beginning of such repayment period and during any of the periods described in paragraph IV(2), interest shall accrue and be payable by the Secretary of Education of the United States (hereinafter called the "Secretary").

I. On all sums advanced pursuant to this note, the lender has applied for loan guarantee under the Guaranteed Student Loan Program of the Higher Education Assistance Foundation, (hereinafter called the "Foundation"). Such terms of this note as are subject to interpretation shall be construed in the light of Subchapter IV, Part B of the Higher Education Act of 1965, as amended (hereinafter called the "Act") and the Federal Regulations pertaining to such Act. This note is subject to the provisions of the Lender Agreement between the lender and the Foundation.

II. Subject to the following exception, repayment of the unpaid principal balance of this note, with interest, shall be made over a period commencing __12__ months after the date on which the maker ceases to carry, at an eligible institution (as defined in the Act) at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV(2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. All payments made by the maker shall be applied first against accrued interest and thereafter in reduction of principal.

EXCEPTION: The maker and lender, during the __12__ month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years.

III. The maker agrees to pay the lender, in addition to interest and principal when due, an amount equal to the fee that the lender is required to pay to the Foundation in order to provide guarantee coverage on this note from the date of execution hereof to the date on which final payment of this note is made. This fee is equivalent to one percent (1%) per annum of the above-disclosed Principal Amount of this note and is calculated on the basis of the number of months the maker is projected to carry at least one-half of the normal full-time academic work load at an eligible institution plus an additional period not to exceed 12 months. This fee shall be due and payable immediately and is deducted from the Principal Amount of this note and disclosed above as the Prepaid Finance Charge. The difference between the Principal Amount and the Prepaid Finance Charge is disclosed above as the Amount Financed.

IV. This note is subject also to the following conditions:
(1) The maker may at his/her option and without penalty prepay all or any part of the Principal Amount plus accrued interest thereon at any time. In the event of prepayment in full, the maker shall be entitled to a rebate of unearned interest computed by ☐ the Sum of Digits Formula (rule of 78ths), ☒ other (identify) __Simple Interest - Actual Daily Accrual__.
(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (as described above) during, and for six (6) months following, any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Secretary, or pursuant to a rehabilitation training program approved by the Secretary, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment, (E) not in excess of three years in which the maker is in service as a volunteer under the Peace Corps Act or (F) any other period as may be authorized by the Act. Any period described in A, B, C, D, E or F shall not be included in determining the period during which repayment must be made.
(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans guaranteed under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding guaranteed loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.
(4) In the event of a failure to make any payment when due hereunder, the entire unpaid principal amount plus accrued interest thereon shall become immediately due and payable, together with, to the extent allowed by law, all costs and charges of collection, including all reasonable attorneys' fees. This acceleration is at the option of the lender or any other holder of this note and only after compliance by the holder with applicable notice and other requirements of state law, and if delinquency is not cured under state law.
(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Secretary.
(6) Maker shall promptly notify the lender or any other holder of this note in writing of any change or changes in the maker's address or the maker's status as at least a half-time student.
(7) To the extent allowed by law, a late charge of 5% of the installment payment or $5, whichever is less, or such lesser amount as may be specified by law may be charged on any payment made later than 10 days after the due date.
(8) The maker shall contact and negotiate repayment terms with the lender not less than four months after ceasing at least half-time study. In all events, repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with either: (1) the terms of a separate instrument which shall be subject to the terms of this note and which the maker agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule which the maker hereby expressly authorizes the lender to establish prior to commencement of the repayment period and which will be incorporated herein and made a part of this note.
(9) In no event is any portion of the Prepaid Finance Charge (guarantee fee) subject to refund.
V. The maker has received an exact copy of this Promissory Note and Disclosure Statement.

NOTARY PUBLIC - MINNESOTA
STEVENS COUNTY
My Commission Expires June 4, 1986

**NOTICE TO CONSUMER:**
1. Do not sign this Promissory Note before you read it.
2. You are entitled to a copy of this Promissory Note.
3. You may prepay the unpaid balance at any time without penalty.

The foregoing instrument was acknowledged before me This __13__ day of __11__ 19 __81__
By __Patrick B Hoelscher__ [notary signature]
Name of Maker    Notary Public

Signature: [signed] B Hoelscher    Address: Rt-2 Brownsville MN 56438    Date: 11-13-81

BEST COPY AVAILABLE AT TIME OF FILING

Signature _____  Address _____  Date _____

HEAF Form 204, 12/80. (Replaces HEAF Form 203, 3/79)

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

| Higher Education Assistance Foundation | City Morris |
| PROMISSORY NOTE & DISCLOSURE STATEMENT | State MN |
| Guaranteed Student Loan Program | |

Principal Amount ......$ 667.00   Prepaid Finance Charge $ _____ (guarantee fee)

Amount Financed $ 667.00

Date on which Prepaid Finance Charge begins to accrue _____
(This date need not be included if it is the same as the date of the transaction)

ANNUAL PERCENTAGE RATE
A) Prior to beginning of repayment period __1__%
B) During repayment period __7__%

82 fall

The undersigned, __Patrick B. Hoelscher__, hereinafter called the "maker," promises to pay to the order of __U of M__, hereinafter called the "lender," at its office located at __Mpls.__, the sum of $ __667.00__, or such lesser amount as may actually be owing, with interest on the unpaid principal balance at the rate of SEVEN PERCENT (7%) per annum, together with authorized late charges and, in the event of default, costs of collection and reasonable attorneys' fees to the extent allowed by law; provided, however, that interest shall be payable by the undersigned only from the date on which the repayment period determined in accordance with paragraph II below begins, except during any of those periods described in paragraph IV(2) below. From the date hereof until the beginning of such repayment period and during any of the periods described in paragraph IV(2), interest shall accrue and be payable by the Commissioner of Education of the United States (hereinafter called the "Commissioner").

I. On all sums advanced pursuant to this note, the lender has applied for loan guarantee under the Guaranteed Student Loan Program of the Higher Education Assistance Foundation, (hereinafter called the "Foundation"). Such terms of this note as are subject to interpretation shall be construed in the light of Subchapter IV, Part B of the Higher Education Act of 1965, as amended (hereinafter called the "Act") and the Federal Regulations pertaining to such Act. This note is subject to the provisions of the Lender Agreement between the lender and the Foundation.

II. Subject to the following exception, repayment of the unpaid principal balance of this note, with interest, shall be made over a period commencing __12__ months after the date on which the maker ceases to carry, at an eligible institution (as defined in the Act) at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. All payments made by the maker shall be applied first against accrued interest and thereafter in reduction of principal.

EXCEPTION: The maker and lender, during the __12__ month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years.

III. The maker agrees to pay the lender, in addition to interest and principal when due, an amount equal to the fee that the lender is required to pay to the Foundation in order to provide guarantee coverage on this note from the date of execution hereof to the date on which final payment of this note is made. This fee is equivalent to one percent (1%) per annum of the above-disclosed Principal Amount of this note and is calculated on the basis of the number of months the maker is projected to carry at least one-half of the normal full-time academic work load at an eligible institution plus the number of months of a projected grace period prior to the beginning of the repayment period. This fee shall be due and payable immediately and is deducted from the Principal Amount of this note and disclosed above as the Prepaid Finance Charge. The difference between the Principal Amount and the Prepaid Finance Charge is disclosed above as the Amount Financed.

IV. This note is subject also to the following conditions:
(1) The maker may at his/her option and without penalty prepay all or any part of the Principal Amount plus accrued interest thereon at any time. In the event of prepayment in full, the maker shall be entitled to a rebate of unearned interest computed by ☐ the Sum of Digits Formula (rule of 78ths), ☒ other (identify) __Simple Interest - Actual Daily Accrual__

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (as described above) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, or pursuant to a rehabilitation training program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker is in service as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans guaranteed under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding guaranteed loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid principal amount plus accrued interest thereon shall become immediately due and payable, together with, to the extent allowed by law, all costs and charges of collection, including all reasonable attorneys' fees. This acceleration is at the option of the lender or any other holder of this note and only after compliance by the holder with applicable notice and other requirements of state law, and if delinquency is not cured under state law.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Commissioner.

(6) Maker shall promptly notify the lender or any other holder of this note in writing of any change or changes in the maker's address or the maker's status as at least a half-time student.

(7) To the extent allowed by law, a late charge of 5% of the installment payment or $5, whichever is less, or such lesser amount as may be specified by law may be charged on any payment made later than 10 days after the due date.

(8) The maker shall contact and negotiate repayment terms with the lender not less than four months after ceasing at least half-time study. In all events, repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with either: (1) the terms of a separate instrument which shall be subject to the terms of this note and which the maker agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule which the maker hereby expressly authorizes the lender to establish prior to commencement of the repayment period and which will be incorporated herein and made a part of this note.

(9) In no event is any portion of the Prepaid Finance Charge (guarantee fee) subject to refund.

LUAINE M. LO[C]
NOTARY PUBLIC - MIN[N]
STEVENS COU[NTY]
My Commission Expires J[...]

V. The maker has received an exact copy of this Promissory Note and Disclosure Statement.

NOTICE TO CONSUMER:
1. Do not sign this Promissory Note before you read it.
2. You are entitled to a copy of this Promissory Note.
3. You may prepay the unpaid balance at any time without penalty.

The foregoing instrument was acknowledged before me This ___ day of January, 19 82
By Patrick B Hoelscher
Name of Maker

Signature: Patrick B Hoelscher   8-12-2   Brownsville MN 56438   1/5
                                  Address                       Date

Signature ___   Address ___   Date ___

HEAF Form 202, 3/79, (Replaces HEAF Form 202, 8/78)

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

| Higher Education Assistance Foundation | City Morris |
|---|---|
| PROMISSORY NOTE & DISCLOSURE STATEMENT Guaranteed Student Loan Program | State MN |

Principal Amount ......$ 666.00    Prepaid Finance Charge $ _____ (guarantee fee)

Date on which Prepaid Finance Charge begins to accrue _____
(This date need not be included if it is the same as the date of the transaction)

Amount Financed $ 666.00

ANNUAL PERCENTAGE RATE    A) Prior to beginning of repayment period 7 %
                          B) During repayment period 7 %

82-5av

The undersigned, Patrick B. Hoelscher, hereinafter called the "maker," promises to pay to the order of _____, hereinafter called the "lender," at its office located at _____, the sum of $ 666.00, or such lesser amount as may actually be owing, with interest on the unpaid principal balance at the rate of SEVEN PERCENT (7%) per annum, together with authorized late charges and, in the event of default, costs of collection and reasonable attorneys' fees to the extent allowed by law; provided, however, that interest shall be payable by the undersigned only from the date on which the repayment period determined in accordance with paragraph II below begins, except during any of those periods described in paragraph IV(2) below. From the date hereof until the beginning of such repayment period and during any of the periods described in paragraph IV(2), interest shall accrue and be payable by the Commissioner of Education of the United States (hereinafter called the "Commissioner").

I. On all sums advanced pursuant to this note, the lender has applied for loan guarantee under the Guaranteed Student Loan Program of the Higher Education Assistance Foundation, (hereinafter called the "Foundation"). Such terms of this note as are subject to interpretation shall be construed in the light of Subchapter IV, Part B of the Higher Education Act of 1965, as amended (hereinafter called the "Act") and the Federal Regulations pertaining to such Act. This note is subject to the provisions of the Lender Agreement between the lender and the Foundation.

II. Subject to the following exception, repayment of the unpaid principal balance of this note, with interest, shall be made over a period commencing 12 months after the date on which the maker ceases to carry, at an eligible institution (as defined in the Act) at least one-half the normal full-time academic work load, as determined by such institution, and (except when paragraph IV (2) applies) this period shall end not less than five nor more than ten years after the beginning of the repayment period but in no event shall the repayment period extend to a date more than 15 years from the date of execution of this note. All payments made by the maker shall be applied first against accrued interest and thereafter in reduction of principal.

EXCEPTION: The maker and lender, during the 12 month period preceding the start of the repayment period, may agree to a repayment period that begins sooner or is of shorter duration, provided that, in the event that the maker has requested and obtained a repayment period of less than five years, he may at any time, prior to the total repayment of the loan, have the repayment period extended so that the total repayment period is not less than five years.

III. The maker agrees to pay the lender, in addition to interest and principal when due, an amount equal to the fee that the lender is required to pay to the Foundation in order to provide guarantee coverage on this note from the date of execution hereof to the date on which final payment of this note is made. This fee is equivalent to one percent (1%) per annum of the above-disclosed Principal Amount of this note and is calculated on the basis of the number of months the maker is projected to carry at least one-half of the normal full-time academic work load at an eligible institution plus the number of months of a projected grace period prior to the beginning of the repayment period. This fee shall be due and payable immediately and is deducted from the Principal Amount of this note and disclosed above as the Prepaid Finance Charge. The difference between the Principal Amount and the Prepaid Finance Charge is disclosed above as the Amount Financed.

IV. This note is subject also to the following conditions:

(1) The maker may at his/her option and without penalty prepay all or any part of the Principal Amount plus accrued interest thereon at any time. In the event of prepayment in full, the maker shall be entitled to a rebate of unearned interest computed by ☐ the Sum of Digits Formula (rule of 78ths), ☒ other (identify) Simple Interest-Actual Daily Accrual

(2) Periodic installments of principal need not be paid, but interest shall accrue and be payable, (as described above) during any period (A) in which the maker is carrying, at an eligible institution, a full-time academic load, or is pursuing a course of study pursuant to a graduate fellowship program approved by the Commissioner, or pursuant to a rehabilitation training program approved by the Commissioner, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a full-time volunteer under the Domestic Volunteer Service Act of 1973, (D) at the request of the maker, a single period, not in excess of twelve months, during which the maker is seeking and unable to find full-time employment or (E) not in excess of three years in which the maker is in service as a volunteer under the Peace Corps Act. Any period described in A, B, C, D, or E shall not be included in determining the period during which repayment must be made.

(3) Notwithstanding the minimum repayment period set forth in paragraph II, the total aggregate annual payment by a maker during any year of the repayment period on all loans guaranteed under the Act to the maker shall not, unless otherwise agreed to by lender and maker, be less than $360 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding guaranteed loans the total combined aggregate annual payment on all such loans by husband and wife shall not be less than $360 or the combined balance of all such loans, plus accrued interest, whichever is less.

(4) In the event of a failure to make any payment when due hereunder, the entire unpaid principal amount plus accrued interest thereon shall become immediately due and payable, together with, to the extent allowed by law, all costs and charges of collection, including all reasonable attorneys' fees. This acceleration is at the option of the lender or any other holder of this note and only after compliance by the holder with applicable notice and other requirements of state law, and if delinquency is not cured under state law.

(5) In the event of the maker's death or total and permanent disability, maker's unpaid indebtedness on this note shall be canceled pursuant to regulations issued by the Commissioner.

(6) Maker shall promptly notify the lender or any other holder of this note in writing of any change or changes in the maker's address or the maker's status as at least a half-time student.

(7) To the extent allowed by law, a late charge of 5% of the installment payment or $5, whichever is less, or such lesser amount as may be specified by law, may be charged on any payment made later than 10 days after the due date.

(8) The maker shall contact and negotiate repayment terms with the lender not less than four months after ceasing at least half-time study. In all events, repayment of principal, together with interest thereon, shall be made in periodic installments in accordance with either: (1) the terms of a separate instrument which shall be subject to the terms of this note and which the maker agrees to execute prior to commencement of the repayment period; or (2) a repayment schedule which the maker hereby expressly authorizes the lender to establish prior to commencement of the repayment period and which will be incorporated herein and made a part of this note.

(9) In no event is any portion of the Prepaid Finance Charge (guarantee fee) subject to refund.

V. The maker has received an exact copy of this Promissory Note and Disclosure Statement.

NOTICE TO CONSUMER:
1. Do not sign this Promissory Note before you read it.
2. You are entitled to a copy of this Promissory Note.
3. You may prepay the unpaid balance at any time without penalty.

Signature Patrick B. Hoelscher

LuAINE M LOGAN
NOTARY PUBLIC MINNESOTA
[seal]

The foregoing instrument was acknowledged before me
This 29 day of March 19 82
By Patrick B. Hoelscher   LuAine A Logan
   Name of Maker              Notary Public

Signature _____ Rt 2 Brownsville  Address MN 56438  Date 3-29-82

HEAF Form 203, 3/79, (Replaces HEAF Form 202, 8/78)

(Rev. 12/96)

# CIVIL COVER SHEET   00-6106

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-DIMITROULEAS**

**MAGISTRATE JUDGE JOHNSON**

**I. (a) PLAINTIFFS**

UNITED STATES OF AMERICA

**DEFENDANTS**

PATRICK HOELSCHER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __BROWARD__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

B. Broward 10:00cv 6106 /WPD/Johnson

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

THOMAS E. SCOTT
99 N.E. 4th Street suite 300
Miami, FL 33132-2111 (305)961-9311

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD,) PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| [X] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARNATOR OF A DEFAULTED FEDERAL STUDENT LOAN 34 CFR 682.100 (4) (d)

LENGTH OF TRIAL
via __0__ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $ 6560.94
plus interest and costs
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 1/19/00

SIGNATURE OF ATTORNEY OF RECORD

Mary F. Dooley

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____